IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM SPICER, | : |
| Plaintiff, | : |
| v. | : Civ. Act. No. 03-291-JJF |
| C/O BEREZANSKY, | : |
| Defendant. | : |

William Spicer, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September ⅄, 2005
Wilmington, Delaware

Farnan, District Judge

The Plaintiff, William Spicer, a *pro se* litigant, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

I. **STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $14.23. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible, and to dismiss those complaints falling under the

1

Plaintiff's Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

categories listed in § 1915A (b)(1).

2

allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Id.</u>

**II. DISCUSSION**

By his Complaint, Plaintiff alleges that he was denied breakfast on a single day and was not fed until lunch. Plaintiff alleges that he suffered hunger, embarrassment and mental and physical abuse, because he went without a meal for a period of 17 hours.

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). Prison conditions may amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs . . . [that] deprive inmates of the minimal civilized measure of life's necessities." <u>Tillman v. Lebanon County Correctional Facility</u>, 221 F.3d 410 (3d Cir. 2000). To demonstrate a deprivation of basic human needs, a plaintiff must show a sufficiently serious objective deprivation, and that a prison official subjectively acted with a sufficiently

---

[2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. <u>See</u> § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

3

culpable state of mind. Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

With respect to the denial of food, courts have assessed the amount and duration of the deprivation in determining whether the deprivation is sufficiently serious. See e.g. Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999). Here, Plaintiff alleges the deprivation of a single meal, resulting in the denial of food for a period of 17 hours. The Court concludes that this deprivation is not sufficiently serious to rise to the level of a constitutional violation. See e.g. Talib v. Gilley, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); Hutch v. Department of Corrections, 993 F.2d 882 (9th Cir. 1993) (affirming district court's decision dismissing claim as frivolous where plaintiff alleged that he was denied breakfast twice, called names by a prison guard, not given the correct religious diet on one occasion and did not receive regular mail delivery on four occasions); Brown v. Madison Police Department, 2003 WL 23095753, * 3 (W.D. Wis. 2003) (dismissing claim by plaintiff alleging that he was denied two meals on a single occasion). Accordingly, the Court will dismiss Plaintiff's Complaint as frivolous.

An appropriate Order will be entered.

4